**NOT FOR PUBLICATION**

FILED



SEP 06 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CUNICO CORPORATION,<br><br>                Plaintiff-Appellant,<br><br>  v.<br><br>CUSTOM ALLOY CORPORATION,<br><br>                Defendant-Appellee. | No. 14-56544<br><br>D.C. No. 2:14-cv-01234-PA-AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted September 1, 2016[**]
Pasadena, California

Before: SILVERMAN, IKUTA, and WATFORD, Circuit Judges.

Cunico Corporation appeals the district court's order granting Custom Alloy

Corporation's motion to compel arbitration and dismissing Cunico's action. We

have jurisdiction over the appeal under 9 U.S.C. § 16(a)(3). We review de novo

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the district court's decision and its legal conclusions regarding the existence of a contract, and for clear error its factual findings. *Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1211 (9th Cir. 2016). We reverse and remand.

The district court erred in compelling arbitration. Under the Federal Arbitration Act, a district court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). A court may "decide as a matter of law that the parties did or did not enter into" an arbitration agreement "[o]nly when there is no genuine issue of fact concerning the formation of the agreement." *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136, 1141 (9th Cir. 1991) (citation omitted). The district court's order did not make the necessary factual findings as to the parties' communications, decide the law applicable to contract formation, or state as a matter of law what constituted the offer, acceptance, or terms of the contract. We reverse the order compelling arbitration and dismissing the action, and remand for the district court to resolve factual issues and make legal conclusions regarding the scope of the parties' agreement. *See FTC v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004) (Court of Appeals may remand where there are insufficient findings of fact and conclusions

2

of law to permit meaningful review).

In light of our disposition, we do not consider the parties' contentions regarding unconscionability, waiver of a right to arbitration, and denial of oral argument.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**REVERSED and REMANDED.**